SHERIFF, DOUGLAS COUNTY, NEVADA, Appellant, *v.* DANIEL FRANCIS LaMOTTE, Respondent.

No. 15102

May 2, 1984                                           680 P.2d 333

*Brent T. Kolvet,* Douglas County District Attorney, Minden, for Appellant.

*Thomas E. Perkins,* State Public Defender, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This appeal concerns a collision between automobiles driven by respondent Daniel LaMotte and Brian Jones which occurred on the afternoon of May 28, 1983, on Highway 395 in Douglas County. As a result of the collision, Mr. Jones and his young son lost their lives. Additionally, Mrs. Jones suffered substantial bodily injury. LaMotte's blood alcohol content at the time of the accident was allegedly between .21 and .22 percent.

LaMotte was charged by Information with two counts of second degree murder, *see* NRS 200.010, 200.030, 200.070, two counts of involuntary manslaughter, *see* NRS 200.070, and three counts of driving under the influence when death or substantial bodily harm results. *See* NRS 484.3795. Following a preliminary hearing in justices' court, LaMotte filed a petition

for writ of habeas corpus in the district court which challenged both counts of second degree murder. The district court held that there was insufficient evidence to support the requisite element of implied malice to the second degree murder charges and granted the writ. The Sheriff has appealed this order.

The Sheriff presented two theories in support of the murder charges. First, the Sheriff argued that in this case LaMotte's erratic driving before the fatal accident demonstrated a sufficiently abandoned and malignant heart to imply malice. Second, the Sheriff contended that under the reasoning of Sheriff v. Morris, 99 Nev. 109, 659 P.2d 852 (1983), the second degree murder charges were proper because drunk driving is unlawful conduct, inherently dangerous in the abstract, which naturally tends to destroy a human life and which immediately and directly caused the victims' deaths.

Absent a showing of substantial error on the part of the district court in granting a writ of habeas corpus based on insufficient evidence, this court will not overturn the lower court's determination. Sheriff v. Provenza, 97 Nev. 346, 347, 630 P.2d 265, 265 (1981). NRS 200.020(2) provides that "[m]alice shall be implied when no considerable provocation appears, or when all the circumstances of the killing show an abandoned or malignant heart." Our review of the record indicates that the lower court did not commit substantial error in finding that insufficient evidence existed to imply malice in this case.

The Sheriff's second contention invites this court to extend liability for second degree murder to all deaths resulting from drunk driving by ruling that drunk driving per se is inherently dangerous and naturally tends to destroy human life. In *Morris,* however, we left such a determination to the Legislature. *See* Morris, at 119, 659 P.2d at 859.

A similar result is even more compelling in the present case. Since its addition to the Nevada Revised Statutes in 1973, the Nevada Legislature has made various amendments to NRS 484.3795. *See* 1983 Nev. Stats. c. 426 § 12 at 1073; 1981 Nev. Stats. c. 755 § 6 at 1926; 1979 Nev. Stats. c. 655 § 200 at 1484; 1973 Nev. Stats. c. 356 at 447. Definition of criminal conduct and setting punishments therefor is traditionally a legislative function. *See generally* State v. Pike, 650 P.2d 480, 483 (Ariz. 1982); People v. Aragon, 653 P.2d 715, 719 (Colo. 1982); Nev. Const. Art. 4 § 1. Here, the Nevada Legislature has set the

punishment for killing or seriously injuring another while driving a vehicle under the influence of intoxicants at imprisonment for not less than one year nor more than six years and imposition of a fine of not less than $2,000 nor more than $5,000. NRS 484.3795 (1982). Expansion of the range of punishments for those drunk drivers who kill fellow motorists or bystanders would constitute an impermissible judicial excursion into the Legislature's domain.

Accordingly, we affirm the lower court's order granting the writ of habeas corpus as to the counts of second degree murder.

SPRINGER, MOWBRAY, STEFFEN, and GUNDERSON, JJ., and ZENOFF, SR. J.,[1] concur.