MILTON REAY JOHNSTON, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 14950

January 10, 1985                                     692 P.2d 1307

*Morgan D. Harris*, Public Defender, *Craig D. Creel*, Deputy Public Defender, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert Miller,* District Attorney, *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

On the morning of September 28, 1981, defendant Milton Johnston was driving a vehicle under the influence of alcohol.[1] Johnston was driving erratically in an alley when his car hit a

---

[1] A blood test showed Johnston's blood-alcohol rate to be .20 percent. Under NRS 484.381(2)(c), a person with a blood-alcohol rate of .10 percent or more is presumed to be under the influence of intoxicating liquor.

wooden electrical pole. The pole fell almost immediately, striking and killing a deliveryman in the alley.

Johnston was charged by information with driving under the influence of alcohol, pursuant to NRS 484.3795 and murder with use of a deadly weapon pursuant to NRS 200.010, NRS 200.030, and NRS 193.165. The jury found Johnston guilty of second degree murder with use of a deadly weapon. In accordance with the pre-sentence report and recommendation, Johnston was sentenced to 21 years for the offense of second degree murder and 21 years for the use of a deadly weapon in the commission of a crime, to be served consecutively. Johnston appeals from that conviction.

No objection was made to the information which charged Johnston with murder and use of a deadly weapon in commission of a crime. We hold, however, that the charge and the subsequent conviction constitute plain error in light of this court's decision in Sheriff v. LaMotte, 100 Nev. 270, 680 P.2d 333 (1984).

In *LaMotte,* above, the defendant was charged with felony DUI and second degree murder. The sheriff argued that liability for second degree murder should extend to all deaths resulting from drunk driving. The sheriff urged this court to find that drunk driving *per se* is inherently dangerous and naturally tends to destroy human life.

This court, however, left such a determination to the legislature. In addressing the statutory liability for drunk driving, this court reasoned:

> Since its addition to the Nevada Revised Statutes in 1973, the Nevada Legislature has made various amendments to NRS 484.3795. . . . Definition of criminal conduct and setting punishments therefor is traditionally a legislative function. . . . Here, the Nevada Legislature has set the punishment for killing or seriously injuring another while driving a vehicle under the influence of intoxicants at imprisonment for not less than one year nor more than six years and imposition of a fine of not less than $2,000 nor more than $5,000. NRS 484.3795 (1982). *Expansion of the range of punishments for those drunk drivers who kill fellow motorists or bystanders would constitute an impermissible judicial excursion into the Legislature's domain.*

*LaMotte,* 100 Nev. at 272-73, 680 P.2d at 334. (Emphasis added). Accordingly, this court held that it is improper to charge second degree murder for a death resulting from drunk driving. In light of this opinion, Johnston was improperly charged with murder in the instant case.[2]

---

[2]This of course is not to say that alcohol is a complete defense to murder. If there had been substantial evidence that Johnston had the intent to kill the

Accordingly, the judgment of conviction is reversed and the case remanded to the district court for a new trial.

SPRINGER, A. C. J., and MOWBRAY, STEFFEN and GUNDERSON, JJ., and FOLEY, D. J.,[3] concur.

---

victim, a charge of murder would have been proper. Absent such a showing of intent to kill, NRS 484.3795 provides the exclusive punishment for the homicide which occurred.

