# IN THE SUPREME COURT OF THE STATE OF NEVADA

AYLIN ALDERETTE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81891

**FILED**

OCT 18 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Aylin Alderette argues that the district court erred in denying her claims of ineffective assistance of counsel without an evidentiary hearing.[1] To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that her counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that, but for counsel's errors, there is a reasonable probability of a different outcome in the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687-

---

[1]To the extent that Alderette argues that she was entitled to withdraw her guilty plea to correct a "manifest injustice" pursuant to NRS 176.165, we conclude this argument lacks merit because Alderette is still incarcerated. *See* NRS 34.724(3); *Harris v. State*, 130 Nev. 435, 448, 329 P.3d 619, 628 (2014) (concluding that "a post-conviction petition for a writ of habeas corpus provides the exclusive remedy for a challenge to the validity of the guilty plea made after sentencing for persons in custody on the conviction being challenged").

21-29782

88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To demonstrate prejudice regarding the decision to enter a guilty plea, a petitioner must demonstrate a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Alderette argues that counsel should have challenged the second-degree murder charge on the ground that the State could not charge that offense for a death that resulted from her driving under the influence. The district court denied this claim without conducting an evidentiary hearing, reasoning that Alderette did not provide adequate argument or facts to support the claim. Although the ineffective-assistance claim in the petition was superficial, we conclude that it was sufficient to warrant an evidentiary hearing. *Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008) (recognizing that a petitioner is entitled to an evidentiary hearing when the claims asserted are supported by "specific factual allegations that are not belied or repelled by the record and that, if true, would entitle [the petitioner] to relief"). In particular, given controlling Nevada authority holding that the State cannot charge second-degree murder for a death caused by driving under the influence, *see, e.g., Johnston v. State*, 101 Nev. 94, 95, 692 P.2d 1307, 1308 (1985), trial counsel's advice to plead guilty to second-degree murder may have fallen below an objective

standard of reasonableness and resulted in prejudice. Consequently, we reverse the district court's order as it relates to this claim and remand for an evidentiary hearing to consider in the first instance whether Alderette can demonstrate deficient performance and prejudice.

Next, Alderette argues that counsel did not conduct an adequate investigation into her mental state at the time of the offenses. Alderette fails to demonstrate deficient performance or prejudice. Counsel submitted a sentencing memorandum with information about Alderette's mental health and the underlying issues, and at sentencing, counsel argued those facts in mitigation. Alderette has not shown what additional information could have been developed with further investigation or a mental health evaluation. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Further, Alderette has not shown that additional mental health investigation would have affected her decision to plead guilty or the outcome of the sentencing hearing. We conclude that the district court did not err by denying this claim without conducting an evidentiary hearing.

Finally, Alderette contends that ineffective assistance of counsel deprived her of her right to a direct appeal. Alderette did not show deficient performance. Notably, in the petition below, Alderette did not allege that she requested counsel file an appeal or that she was dissatisfied. *See Toston v. State*, 127 Nev. 971, 978, 267 P.3d 795, 800 (2011) (discussing circumstances that implicate counsel's duties to file an appeal when the defendant had pleaded guilty). Therefore, we conclude that the district court did not err by denying this claim without conducting an evidentiary hearing.



Having concluded that Alderette is entitled only to the relief described herein, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, C.J.
Hardesty

_____, J.          _____, Sr.J.
Stiglich                              Gibbons


cc:   Hon. Michelle Leavitt, District Judge
      Law Office of Christopher R. Oram
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.