OPINION

Per Curiam:

On June 1, 1994, the district court convicted appellant, pursuant to a no contest plea, of two counts of possession of stolen property and one count of burglary in three different cases.[1] The district court sentenced appellant to serve three consecutive ten year terms in the Nevada State Prison.
On June 9, 1994, the same day that appellant filed his proper person notice of appeal, appellant informed the district court that he wished to be represented by counsel for his direct appeal from the judgments of conviction. Appellant also informed the district court that he is indigent. On June 13, 1994, the district court denied appellant’s request for counsel and stated the following:
The Court has been shown no reason for appointment of counsel in the instant case. There is simply nothing to litigate. The Appellant pled Guilty. He was sentenced within the limitations set forth by statute and clearly indicated on the record that he was guilty (even though he believes others to be equally or more culpable) and that his plea was entered, at least in part, to avoid being sentenced as a habitual criminal.
Since there is nothing to litigate, no useful purpose will be *863 served by appointing counsel. Appellant’s Motion for Appointment of an Attorney is hereby DENIED.
On June 29, 1994, appellant filed a motion for reconsideration of the district court’s order denying his motion for appointment of counsel. On July 5, 1994, the district court entered its order denying appellant’s motion for reconsideration. The district court stated, in part, the following:
It is the Court’s view that the record is clear. [Appellant] is a recidivist criminal. The penalty he received after being thoroughly canvassed and being advised of the elements of the various offenses was consistent with the applicable statute. Virtually all “appealable” issues were waived by [appellant’s] plea of No Contest. There is no assertion that the prosecution violated any plea bargain or that the plea was invalid.
There is nothing to litigate. There is nothing to appeal. [Appellant] pled guilty in open court with a clear history of being very familiar with the criminal justice process. He was sentenced according to statute and that sentence was based upon his record as well as the offenses he committed. There is no reason to appoint counsel. An appointment of counsel in the instant case would be, in this Court’s opinion, tragic and monumental proof that little or no consideration is being given the fact that limited public resources are, in some instances, being uselessly wasted. This Court has said in the past, and reiterates again, a person is entitled to and should pursue legitimate claims in the appellate or post conviction arena, but to appoint counsel where there is no arguable legitimacy to an [appellant’s] argument is legalistic paper shuffling at its worst.
We disagree with the district court. Appellant is entitled to appointed counsel for this appeal.
NRS 178.397 provides that “[e]very defendant accused of a gross misdemeanor or felony who is financially unable to obtain counsel is entitled to have counsel assigned to represent him at every stage of the proceedings from his initial appearance before a magistrate or the court through appeal, unless he waives such appointment.” NRS 178.397 does not grant the district court any discretion in appointing counsel to represent an indigent defendant on appeal.
In addition to the statutory right to appeal, the United States Supreme Court has concluded that an indigent defendant has a Fourteenth Amendment right to appointed counsel on the defendant’s first appeal of right from a judgment of conviction. Douglas *864 v. California, 372 U.S. 353 (1963). In Douglas, the United States Supreme Court rejected a procedure employed by the California courts of reviewing the record to determine if there were any arguable issues for appeal before appointing counsel:
In spite of California’s forward treatment of indigents, under its present practice the type of an appeal a person is afforded in the District Court of Appeal hinges upon whether or not he can pay for the assistance of counsel. If he can the appellate court passes on the merits of his case only after having the full benefit of written briefs and oral argument by counsel. If he cannot the appellate court is forced to prejudge the merits before it can even determine whether counsel should be provided. At this stage in the proceedings only the barren record speaks for the indigent, and, unless the printed pages show that an injustice has been committed, he is forced to go without a champion on appeal. Any real chance he may have had of showing that his appeal has hidden merit is deprived him when the court decides on an ex parte examination of the record that the assistance of counsel is not required.
Id. at 355-56. The United States Supreme Court concluded that “where the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor.” Id. at 357 (emphasis in original).
An indigent’s right to appointed counsel on a direct appeal from a judgment of conviction was reaffirmed in Evitts v. Lucey, 469 U.S. 387 (1985), where the United States Supreme Court concluded that not only does a defendant have a right to appointed counsel on the defendant’s first appeal of right, but the defendant enjoys a due process right to the effective assistance of counsel on that appeal.
NRS 177.015 grants a criminal defendant the right to an appeal from a judgment of conviction. This court has recently concluded that trial counsel has an obligation to inform a defendant of the right to appeal and to perfect that appeal if the defendant wishes to challenge the judgment of conviction. Lozada v. State, 110 Nev. 349, 871 P.2d 944 (1994). Further, this court has recently reaffirmed that a defendant enjoys a right to direct appeal even if the judgment of conviction is based upon a guilty plea. Franklin v. State, 110 Nev. 750, 877 P.2d 1058 (1994). In accordance with NRS 178.397, Douglas v. California and Evitts v. Lucey, appellant is entitled to appointed counsel for this appeal. We vacate the order of the district court denying appellant’s motion for appoint *865 ment of counsel and we remand this matter to the district court for the limited purpose of appointing counsel.

 Although appellant stated in his notice of appeal that he wished to appeal from all three judgments of conviction, only one judgment of conviction appears in the record on appeal.