AZELL DAVIS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 29587

February 17, 1999                                    974 P.2d 658

*Azell Davis,* in Proper Person.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, Clark County, for Respondent.

---

Before MAUPIN, AGOSTI and BECKER, JJ.

## OPINION

*Per Curiam:*

This is a proper person appeal from an order of the district court denying appellant's post-conviction petition for a writ of habeas corpus. On February 7, 1996, the district court convicted appellant, pursuant to a guilty plea, of burglary. The district court adjudicated appellant a habitual criminal pursuant to NRS 207.010 and sentenced him to serve a term of 60 to 150 months in the Nevada State Prison. Appellant did not file a direct appeal.

On August 22, 1996, appellant filed a timely post-conviction petition for a writ of habeas corpus in the district court. The state opposed the petition. On October 11, 1996, the district court denied appellant's petition. This appeal followed.

In his petition, appellant contended that his counsel was ineffective for failing to inform him regarding his right to appeal and for failing to perfect a direct appeal from the judgment of conviction without his consent. He also challenged the legality of the adjudication of habitual criminal status and contended that the state had not produced certified copies of the prior judgments of conviction as required by NRS 207.010. The district court denied the petition on the ground that appellant had waived his right to a direct appeal pursuant to the guilty plea agreement and that therefore his counsel's performance had been reasonable.

The guilty plea memorandum contained the following language:

> By entering my plea of guilty, I understand that I am waiving and forever giving up the following rights and privileges:
>
> . . . .
>
> 6.   The right to appeal the conviction, with the assistance of an attorney, either appointed or retained, unless the appeal is based upon reasonable constitutional, jurisdictional or other grounds that challenge the legality of the proceedings and except as otherwise provided in subsection 3 of NRS 174.035.

This court has held that a knowing and voluntary unequivocal waiver of the right to appeal made pursuant to a plea bargain is valid and enforceable. Cruzado v. State, 110 Nev. 745, 879 P.2d 1195 (1994).

We conclude, however, that appellant here did not ''unequivocally'' waive his right to a direct appeal. Appellant did not waive his right to an appeal ''based upon reasonable constitutional, jurisdictional or other grounds that challenge the legality of the proceedings.'' These are the exact grounds identified in NRS 177.015(4) as legitimate grounds for direct appeal when the conviction is based upon a guilty plea. The statute clearly provides for a right to appeal, albeit limited. Quoting the statutory language in a plea agreement merely informs the defendant of the limitations of a potential appeal; it alerts the defendant who pleads guilty to the permissible scope of his appeal as a matter of law. Given that the statute expressly provides for an appeal based on ''reasonable constitutional, jurisdictional and other grounds which challenge the legality of the proceedings,'' it is clear that the defendant has a statutory right to appeal from a judgment of conviction based upon a guilty plea. See also Franklin v. State, 110 Nev. 750, 751-52, 877 P.2d 1058, 1059 (1994). The language offered in the plea memorandum is not a waiver of a right to appeal. Accordingly, the district court erred in denying appellant's petition on that basis.

However, based on the above discussion, we also conclude that appellant's contention that he was not informed of his right to appeal is belied by the record. See Hargrove v. State, 100 Nev. 498, 686 P.2d 222 (1984). As noted, the plea memorandum informs the defendant of the scope of his right to appeal, and thereby informs him that he has a right to appeal. Accordingly, appellant's contention that his counsel was ineffective for failing to inform him that he had a right to appeal lacks merit. See id., and Bryant v. State, 102 Nev. 268, 721 P.2d 364 (1986).

Appellant also contended that his counsel was ineffective for failing to perfect a direct appeal without his consent. He suggests that an attorney has a duty to file a notice of appeal unless the client expressly consents to the non-filing. Appellant relies on language in this court's decision in Lozada v. State, 110 Nev. 349, 871 P.2d 944 (1994), in which this court stated: "The failure to obtain Lozada's consent not to pursue an appeal would amount to unreasonable conduct." *Lozada,* 110 Nev. at 354, 871 P.2d at 947. In *Lozada* this court concluded that the failure to inform a defendant regarding his right to appeal could satisfy the "unreasonable conduct" requirement for purposes of establishing a claim of ineffective assistance of counsel. *Id.* at 356, 871 P.2d at 948; *see also* Strickland v. Washington, 466 U.S. 668 (1984); Hill v. Lockhart, 474 U.S. 52 (1985); Warden v. Lyons, 100 Nev. 430, 683 P.2d 504 (1984), *cert. denied,* 471 U.S. 1004 (1985).

Appellant does not allege that he asked counsel to file the appeal and that counsel failed to do so; he suggests instead that counsel was obliged to secure his consent *not* to file the appeal. We disagree; *Lozada* does not stand for this proposition. "[A]n attorney has a duty to perfect an appeal when a convicted defendant expresses a desire to appeal or indicates dissatisfaction with a conviction." *Lozada,* 110 Nev. at 354, 871 P.2d at 947 (citing Fawaz v. State, 105 Nev. 692, 783 P.2d 425 (1989)); *see also* Didomenico v. State, 110 Nev. 861, 864, 877 P.2d 1069, 1070 (1994) ("[T]rial counsel has an obligation to inform a defendant of the right to appeal and to perfect that appeal if the defendant wishes to challenge the judgment of conviction."). The burden is on the client to indicate to his attorney that he wishes to pursue an appeal. The attorney is not obliged to obtain consent not to file the appeal where the client does not express a desire to challenge the proceedings. However, if the client does express a desire to appeal, counsel *is* obligated to file the notice of appeal on the client's behalf.

Finally, appellant's challenge to the validity of the district court's decision to adjudicate appellant a habitual criminal is without merit. Appellant failed to raise this issue in a direct appeal and has therefore waived the claim. NRS 34.810; Franklin v. State, 110 Nev. 750, 877 P.2d 1058 (1994). Moreover, the record indicates that the state produced certified copies of the prior judgments of conviction and satisfied the requirements of NRS 207.010. *See Hargrove,* 100 Nev. at 503, 686 P.2d at 225

("A defendant seeking post-conviction relief is not entitled to an evidentiary hearing on factual allegations belied or repelled by the record."). Appellant is not entitled to relief on this claim.

Having reviewed the record on appeal, and for the reasons set forth above, we conclude that appellant is not entitled to relief and that briefing and oral argument are unwarranted. *See* Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975), *cert. denied,* 423 U.S. 1077 (1976). Accordingly, we affirm the decision of the district court in denying appellant's petition.[1]

---

[1]Although appellant has not been granted permission to file documents in this matter in proper person, *see* NRAP 46(b), we have received and considered appellant's proper person documents. We conclude that the relief requested is not warranted.