An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CARLOS DELPHINO VIGIL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61155

**FILED**

MAY 1 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

In his petition filed on February 10, 2012, appellant argued that his guilty plea was invalid because the district court breached the plea agreement by sentencing him to a minimum of four years of imprisonment rather than two years. We conclude that appellant failed to demonstrate that his plea was invalid. While appellant claimed that his plea agreement stated that he would be sentenced to "no more than a minimum of two years," the plea agreement actually stated that he would be sentenced to a minimum term "of not less than" two years. Thus, his claim is belied by the record. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984). Furthermore, appellant acknowledged in the

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14211

plea agreement and at the plea canvass that he understood the possible sentences that the district court could impose, that no one had promised him a particular sentence, and that he read and understood the entire plea agreement. Therefore, he failed to demonstrate that his plea was unknowingly and involuntarily entered, and the district court did not err in denying this claim.

Next, appellant claimed that he received ineffective assistance of counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

First, appellant claimed that counsel was ineffective for failing to challenge the district court's breach of the plea agreement. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced because, as discussed above, there was no breach of the plea agreement, and counsel cannot be ineffective for failing to pursue futile motions or objections. *See Donovan v. State*, 94 Nev. 671, 675, 584 P.2d 708, 711 (1978). Thus, the district court did not err in denying this claim.

Second, appellant claimed that counsel was ineffective for failing to investigate the elements of battery with the use of a deadly

weapon and whether a taser may be classified as a deadly weapon. Appellant failed to demonstrate that he was prejudiced, as he did not show a reasonable probability that he would have proceeded to trial but for counsel's alleged errors. Notably, appellant received a substantial benefit by pleading guilty—in exchange for his guilty plea to one count of battery with the use of a deadly weapon, the State dismissed one other count of battery with the use of a deadly weapon as well as one count of unlawful possession of an electronic stun device, and the State also agreed not to seek habitual criminal treatment. Thus, the district court did not err in denying this claim.

Third, appellant claimed that counsel was ineffective for failing to file a notice of appeal to challenge the breach of his plea agreement. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced, as appellant did not allege that he requested an appeal and he was informed in his plea agreement of the limited right to appeal. *See Davis v. State*, 115 Nev. 17, 20, 974 P.2d 658, 660 (1999); *Thomas v. State*, 115 Nev. 148, 150, 979 P.2d 222, 223 (1999). Thus, the district court did not err in denying this claim.

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                                       Saitta

cc:    Hon. Linda Marie Bell, District Judge
Carlos Delphino Vigil
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk