An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JUAN FLORES-BALDERAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62278

FILED

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

In his petition filed on September 11, 2012, appellant claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21646

First, appellant claimed that his trial counsel failed to investigate or obtain supporting evidence such as a missing police report from the officer who made the traffic-stop. Appellant claimed that with further investigation counsel would have discovered the witnesses were intoxicated and not credible. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. The fact that the witnesses may have been intoxicated or were not credible would have only been relevant for impeachment purposes had the matter gone to trial. Appellant failed to identify any other evidence that further investigation would have revealed, and appellant failed to demonstrate that there was a missing police report or that it contained exculpatory information. The documents in the record indicate that appellant denied that he was the driver at the scene when the impairment testing was conducted, but that witnesses indicated that appellant was the driver. Appellant failed to demonstrate that there was a reasonable probability that he would not have entered a guilty plea and would have gone to trial had further investigation been done in this case.

Second, appellant claimed that his trial counsel was ineffective for failing to advise the court that appellant was innocent of driving under the influence because he was not the driver. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant was personally canvassed and affirmatively acknowledged the factual basis for his plea. In exchange for his guilty plea, appellant stipulated to receive a sentence less than the statutory maximum sentence possible for the crime. Appellant failed to indicate how information about his innocence would have had a reasonable probability of altering his decision to enter a guilty plea.

Third, appellant claimed that his trial counsel failed to advise him of each element of the offense or possible defenses. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. In signing the guilty plea agreement, appellant acknowledged that he had discussed the elements of the offense and the possible defenses with his trial counsel. During the plea canvass, appellant indicated that he had read and understood the plea agreement. The information attached to the plea agreement set forth the elements of the offense. Aside from his assertion that he was not the driver, appellant failed to identify any other defenses not discussed with counsel.

Fourth, appellant claimed that his trial counsel failed to file pretrial motions. Particularly, appellant claimed that trial counsel should have filed a motion to dismiss based on actual innocence, prosecutorial errors, a speedy-trial violation, insufficient evidence, and conspiracy. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant failed to set forth specific facts in support of this claim and failed to demonstrate that there was a reasonable probability of a different outcome had trial counsel filed a motion to dismiss based on any of the alleged grounds.

Fifth, appellant claimed that his trial counsel coerced him into entering a guilty plea. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant failed to provide any specific facts to support this claim. Further, appellant indicated during the plea canvass that his plea was not the product of coercion or threats.

Sixth, appellant claimed that his trial counsel failed to present a defense at the preliminary hearing. Appellant failed to demonstrate

that his trial counsel's performance was deficient or that he was prejudiced. Appellant unconditionally waived the preliminary hearing. Appellant failed to demonstrate that there was a reasonable probability of a different outcome had trial counsel taken any different actions regarding the preliminary hearing.

Seventh, appellant claimed that his trial counsel failed to advise him about the right to a direct appeal. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant was informed about the limited right to appeal in the written plea agreement, which appellant acknowledged reading and understanding. *See Davis v. State*, 115 Nev. 17, 974 P.2d 658 (1999).

Next, appellant claimed that his speedy-trial rights were violated and that there was insufficient evidence to support his convictions. These claims fell outside the scope of claims permissible in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction based upon a guilty plea. *See* NRS 34.810(1)(a). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Douglas W. Herndon, District Judge
Juan Flores-Balderas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk