An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RONALD LAWRENCE MORTENSEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65491

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

Appellant filed his petition on May 2, 2013, more than thirteen years after issuance of the remittitur on direct appeal on January 12, 2000. *Mortensen v. State*, 115 Nev. 273, 986 P.2d 1105 (1999). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated a post-conviction petition for a writ of habeas corpus.[2] *See* NRS

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Mortensen v. State*, Docket No. 51648 (Order of Affirmance, July 15, 2010).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30685

34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

First, appellant claimed that he had good cause because he had unexhausted claims. Exhaustion of claims in order to seek federal court review does not demonstrate good cause. *See Colley v. State*, 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989); *see also Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000). To the extent that appellant argued he had good cause because he was not given an evidentiary hearing on all of the claims raised in the first petition, the underlying claim, that the district court erred in not conducting an evidentiary hearing on all of his claims, was considered and rejected by this court on appeal from the denial of his first petition. The determination that the district court did not err in denying some of his claims without an evidentiary hearing is the law of the case, and the doctrine of the law of the case prevents further litigation of this issue. *See Hall v. State*, 91 Nev. 314, 535 P.2d 797 (1975). To the extent that appellant claimed that he had good cause because the district court's order had been drafted by the State, this claim did not provide good cause as he could have litigated this issue in the appeal from the denial of his first petition. Likewise, appellant's claim that the district court judge was biased in the first post-conviction proceedings falls short of demonstrating good cause as it too could have been raised in the appeal from the denial of his first petition.

Next, appellant appeared to claim that he had good cause because he received ineffective assistance of trial and appellate counsel. These claims were reasonably available to be raised in a timely petition and ineffective assistance-of-counsel claims that are themselves procedurally barred cannot establish good cause.[3] *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003); *see also Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

Next, relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant argued that ineffective assistance of post-conviction counsel excused his procedural defects. Ineffective assistance of post-conviction counsel would not be good cause in the instant case because the appointment of counsel in the prior post-conviction proceedings was not statutorily or constitutionally required. *Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997); *McKague v. Warden*, 112 Nev. 159, 164, 912 P.2d 255, 258 (1996). Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures, *see Brown v. McDaniel*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014), and thus, *Martinez* does not provide good cause for this late and successive petition.

---

[3]We note that appellant was informed of the limited right to appeal in the guilty plea agreement. *See Davis v. State*, 115 Nev. 17, 974 P.2d 658 (1999).

Next, appellant argued that his petition was not delayed because he had continuously litigated the validity of his conviction. Continuous litigation is not good cause for a late and successive petition.

Finally, appellant claimed that laches should not bar his petition because the State was not prejudiced by the thirteen-year delay. Because the State pleaded laches pursuant to NRS 34.800(2), the State was not required to demonstrate prejudice; rather, a rebuttable presumption exists that there is prejudice to the State in either responding to the petition or in conducting a retrial. Rebutting the presumption of prejudice requires appellant to demonstrate that the "petition is based upon grounds of which the petitioner could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the State occurred," NRS 34.800(1)(a), and show a fundamental miscarriage of justice has occurred in the proceedings resulting in the judgment of conviction or sentence, NRS 34.800(1)(b). Appellant's bald assertion that there was no prejudice or that any prejudice was the fault of the State falls far short of rebutting the presumption of prejudice. And to the extent that appellant claimed that he demonstrated a fundamental miscarriage of justice because he was actually innocent, appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922

(1996). We therefore conclude that the district court did not err in denying appellant's petition as procedurally barred and barred by laches. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

Although I would extend the equitable rule recognized in *Martinez* to this case because appellant was convicted of murder and is facing a severe sentence, *see Brown v. McDaniel*, 130 Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014) (Cherry, J., dissenting), I concur in the judgment on appeal in this case because the State pleaded laches

---

[4]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

under NRS 34.800(2) and appellant failed to rebut the presumption of prejudice to the State.

_____, J.
Cherry

cc:    Hon. Jennifer P. Togliatti, District Judge
Ronald Lawrence Mortensen
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk