IN THE SUPREME COURT OF THE STATE OF NEVADA

TYLER JOHN ASHLEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76044

FILED

OCT 2 4 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Eric Johnson, Judge. Appellant Tyler John Ashley argues that he received ineffective assistance of counsel. The district court held an evidentiary hearing and denied Ashley's petition. We affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and resulting prejudice in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (holding that prejudice prong requires petitioner who pleaded guilty to show a reasonable probability that he would not have pleaded guilty absent counsel's errors); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996) (same). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

19-44061

For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690.

Ashley first argues that counsel should have challenged the sentencing court's failure to make specific findings supporting the sentence for the deadly weapon enhancement. Ashley has not shown prejudice. The record shows that the sentencing court did not state that it had considered the factors enumerated in NRS 193.165(1) in sentencing Ashley for the deadly weapon enhancement. *See Mendoza-Lobos v. State*, 125 Nev. 634, 643, 218 P.3d 501, 507 (2009). Notwithstanding the sentencing court's failure to make findings regarding the deadly weapon enhancement, the parties discussed the information relevant to those factors during the sentencing hearing and the record adequately supports the sentence imposed. We therefore conclude that Ashley has not shown a reasonable probability of a different outcome had counsel challenged the sentencing court's failure to make findings regarding the factors supporting the deadly weapon enhancement when it imposed his sentence. *See Mendoza-Lobos*, 125 Nev. at 644, 218 P.3d at 507 (holding that it was not plain error where the district court's failure to make findings regarding the sentencing enhancement did not affect the sentencing decision). Insofar as Ashley argues that appellate counsel should have raised this issue on appeal, he has not shown that such a claim would not have been futile. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) (concluding that counsel is not ineffective in omitting futile challenges); *Kirksey*, 112 Nev. at 988, 923 P.2d at 1107 (applying *Strickland* to claims of ineffective assistance of appellate counsel). The district court therefore did not err in denying this claim.

Ashley next argues that counsel should have challenged the sentence imposed for the deadly weapon enhancement as an abdication of the sentencing judge's discretion. The sentencing judge imposed a sentence of 8 to 20 years for the deadly weapon enhancement to the murder conviction. This sentence was within the statutory range, NRS 193.165, and the sentencing judge has wide discretion to sentence a defendant within the statutory range, *see Denson v. State*, 112 Nev. 489, 492, 915 P.2d 284, 286 (1996). Ashley has not shown a meritorious challenge on this basis and thus has not shown that counsel deficiently omitted a claim in this regard or that he was prejudiced by its omission. Similarly, he has not shown that a challenge on appeal would not have been futile. The district court therefore did not err in denying this claim.

Ashley next argues that counsel should have provided better assistance at his plea canvass. Specifically, Ashley argues that counsel should have investigated defenses based on cognitive deficiencies, should have better explained the plea agreement, and should have sought accommodations from the district court for Ashley's cognitive deficiencies. Ashley has not shown how different performance by counsel in any of these regards would have led him to reject the plea, particularly as Ashley testified at the evidentiary hearing that he wanted to plead guilty to take responsibility for his actions and did not want to withdraw the plea and proceed to trial. *See McConnell v. State*, 125 Nev. 243, 253, 212 P.3d 307, 314 (2009) (observing that the decision to plead guilty is reserved to the defendant). Insofar as Ashley argues that counsel coerced him to plead guilty by falsely stating that he could be sentenced to the death penalty if he went to trial, that claim is a bare allegation unsupported by the record.

*See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984). The district court therefore did not err in denying this claim.

Ashley next argues that his guilty plea was involuntarily or unknowingly entered because he suffered from cognitive deficits, was not given additional accommodations during his plea canvass to facilitate his understanding, and the district court did not explain the elements of the offenses. A guilty plea is presumptively valid, and Ashley has not carried his burden of showing that the plea was not entered knowingly and intelligently. *See Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986), *superseded by statute on other grounds as stated in Hart v. State*, 116 Nev. 558, 1 P.3d 969 (2000). Ashley's contention that he suffered from cognitive deficits is repelled by the record, as counsel testified during the evidentiary hearing that Ashley never demonstrated any difficulty in communication or understanding. Ashley's contention that his regular visits to a psychologist while in custody demonstrated a mental health disability and that he was medicated also fails, as counsel explained that those visits served to facilitate therapeutic care for Ashley in light of his youth and the stress of the situation, not to treat a psychiatric condition, and that the psychologist was not licensed to prescribe medication. Ashley's contention that the plea canvass shows that his plea was not knowingly and voluntarily made fails because he has not provided a transcript of the plea canvass in the record on appeal. *See* NRAP 30(b)(3); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). The district court therefore did not err in denying this claim.

Lastly, Ashley argues that counsel should have filed a direct appeal. The record does not suggest that Ashley timely requested an appeal

that was not pursued. Ashley has not shown that counsel performed deficiently where counsel testified at the evidentiary hearing that they provided Ashley with a letter explaining Ashley's appellate rights after sentencing but Ashley did not express a desire for an appeal. Ashley, meanwhile, testified that he first asked counsel if there was anything that could be done approximately three months later, well after a direct appeal had become untimely. *See* NRAP 4(b)(1)(A); *Davis v. State*, 115 Nev. 17, 20, 974 P.2d 658, 660 (1999) ("The burden is on the client to indicate to his attorney that he wishes to pursue an appeal."). The district court therefore did not err in denying this claim.

Having considered Ashley's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, C.J.
Gibbons

_____, J.
Parraguirre

_____, Sr.J.
Douglas

cc:    Hon. Eric Johnson, District Judge
       Pitaro & Fumo, Chtd.
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[1]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.