ANTHONY TOSTON, APPELLANT, *v.*
THE STATE OF NEVADA, RESPONDENT.

No. 58853

December 29, 2011                                267 P.3d 795

*Anthony Toston*, Indian Springs, in Proper Person.

*Catherine Cortez Masto*, Attorney General, Carson City; *David J. Roger*, District Attorney, and *Steven S. Owens*, Chief Deputy District Attorney, Clark County, for Respondent.

Before Douglas, Hardesty and Parraguirre, JJ.

## OPINION

*Per Curiam:*

Appellant Anthony Toston pleaded guilty to first-degree kidnapping and robbery. In a post-conviction petition for a writ of habeas corpus challenging the judgment of conviction he alleged that his trial counsel provided ineffective assistance by misadvising him about the right to appeal from a judgment of conviction based on a guilty plea and failing to file an appeal when Toston expressed dissatisfaction at the sentencing hearing.

In this appeal from the district court's order denying the habeas petition, we address trial counsel's duty to provide information about the right to a direct appeal and duty to file an appeal when a conviction stems from a guilty plea. Although trial counsel is not constitutionally required to inform a defendant of the right to ap-

peal when the conviction stems from a guilty plea absent the defendant's inquiry about the right to appeal or the existence of a direct appeal claim that has a reasonable likelihood of success, we clarify that trial counsel has a duty not to provide misinformation about the availability of a direct appeal. Accordingly, we hold that counsel's affirmative misinformation about the right to appeal from a judgment of conviction based on a guilty plea may fall below an objective standard of reasonableness and therefore be deficient. We further take this opportunity to clarify the circumstances in which a defendant has expressed dissatisfaction with his conviction such that trial counsel is obligated to file a direct appeal. We hold that trial counsel has a duty to file an appeal when, based on the totality of the circumstances, the defendant reasonably demonstrated to counsel that he was interested in challenging his conviction or sentence. Because Toston's petition alleged that trial counsel misinformed him regarding his right to appeal and that he had expressed dissatisfaction with the conviction and sentence such that counsel reasonably should have filed an appeal, and those allegations are not belied by the record and would entitle Toston to relief if true, we reverse the district court's order as to this claim of ineffective assistance of counsel and remand for an evidentiary hearing. We affirm the district court's order in all other respects.[1]

## FACTS

Toston was originally charged with two counts of first-degree kidnapping with the use of a deadly weapon, two counts of robbery with the use of a deadly weapon, and one count of conspiracy to commit robbery. Toston entered a guilty plea to one count each of

---

[1]Toston raised several other claims in his habeas petition. Having reviewed the record, we conclude that the district court did not err in denying those claims without an evidentiary hearing. First, Toston claimed that trial counsel provided ineffective assistance by advising him to plead guilty without a guaranteed sentence. Toston, however, failed to demonstrate prejudice, *see Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996), considering the substantial benefit he received in pleading guilty. Second, Toston claimed that trial counsel provided ineffective assistance by standing silent during sentencing. But Toston's claim is belied by the record, which shows that counsel argued in favor of the stipulated sentence, and in any event, Toston cannot demonstrate a reasonable probability of a different outcome had counsel presented further arguments given the arguments that were presented and Toston's own pleas for leniency during sentencing. Finally, Toston claimed that the prosecutor committed misconduct and the district court abused its discretion. Those claims, however, are outside the scope of claims that may be raised in a post-conviction habeas petition challenging a conviction that is based on a guilty plea, *see* NRS 34.810(1)(a), and therefore were properly denied.

first-degree kidnapping and robbery in exchange for the dismissal of the remaining counts and the dismissal of an additional case. In addition, the parties stipulated to Toston receiving a sentence of 5 to 15 years for kidnapping and a consecutive sentence of 2 to 5 years for robbery. Toston was informed in the written guilty plea agreement of the potential maximum penalties he faced by entry of his guilty plea, as well as his limited right to appeal the conviction. Additionally, Toston was informed in the written guilty plea agreement that the district court was not obligated to accept the recommended sentence.

On the date for sentencing, Toston asked the district court to allow him to withdraw his guilty plea, and Toston later asked to dismiss his appointed counsel. Both of these oral motions were made in proper person. Toston's trial counsel informed the district court that he felt that there was no basis for the request to withdraw the guilty plea. Lacking a transcript of the plea canvass and out of a sense of caution, the district court continued the matter for the transcript to be prepared and reviewed.

When the matter next came before the court, the district court denied the motion to withdraw the plea and the motion to dismiss counsel. The State argued for a greater sentence than that stipulated to because Toston had committed a violent crime against his cellmate while awaiting sentencing in this case. Although Toston and his trial counsel both argued that the district court should impose the sentence that the parties stipulated to receiving in the plea negotiations, the district court imposed a sentence of life with the possibility of parole after 5 years for kidnapping and a consecutive sentence of 2 to 10 years for robbery.

Toston continued to discuss his case with the district court after the imposition of sentence, explaining the incident with his cellmate and referring to errors in his criminal record set forth in documents he labeled "discovery." The district court maintained that it felt the sentence imposed was appropriate given Toston's criminal history and the violence committed in the instant case. The district court, observing Toston's distress, made the following comments to Toston and his trial counsel:

> THE COURT: . . . and, Mr. Nobles [trial counsel], the defendant has indicated on the record by his words that he wishes to appeal this decision. You remain as counsel of record, and you know what you need to do in terms of filing that notice of appeal—
>
> THE DEFENDANT: He told me he wasn't gonna file it.
>
> THE COURT: Well, now he's—now you've indicated that you wish him to do so on the record.

MR. NOBLES: Judge, I think he's referring to a motion to withdraw his plea.

THE COURT: Well, I think he's dissatisfied with the decision made. The appropriate—you make the appropriate decision on whether you seek to withdraw plea formally, or readdress the sentence for whatever, on a motion to correct sentence, or file an appeal.

MR. NOBLES: Okay.

No direct appeal was taken. No post-conviction motions were filed on Toston's behalf by counsel. Toston filed a timely post-conviction petition for a writ of habeas corpus in proper person. The district court denied the petition without an evidentiary hearing.

### DISCUSSION

Toston's petition included a claim that he was deprived of his right to a direct appeal due to ineffective assistance of counsel. In particular, Toston alleged that trial counsel misadvised him about the right to appeal from a judgment based on a guilty plea and failed to file an appeal even though he had observed Toston's dissatisfaction at the sentencing hearing.

To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Generally, both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, but in some instances, such as when the petitioner has been deprived of the right to appeal due to counsel's deficient performance, the second component (prejudice) may be presumed, *Lozada v. State*, 110 Nev. 349, 357, 871 P.2d 944, 949 (1994). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and he is entitled to an evidentiary hearing if he raises claims supported by sufficient factual allegations that, if true, would entitle him to relief and that are not belied by the record, *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

The specific claim here is that Toston was deprived of his right to a direct appeal due to ineffective assistance of counsel. The de-

ficiency prong of such a claim has two separate, but related, components: counsel's duty to inform and consult with the client regarding the right to appeal and counsel's duty to file an appeal.

*Duty to accurately inform and consult about the right to appeal*

We have held that trial counsel does not have a constitutional duty to always inform his client of, or consult with his client about, the right to a direct appeal when the client has been convicted pursuant to a guilty plea.[2] *Thomas v. State*, 115 Nev. 148, 150, 979 P.2d 222, 223 (1999); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 479-80 (2000). That duty arises in the guilty-plea context only when the defendant inquires about the right to appeal or in circumstances where the defendant may benefit from receiving advice about the right to a direct appeal, ''such as the existence of a direct appeal claim that has reasonable likelihood of success.'' *Thomas*, 115 Nev. at 150, 979 P.2d at 223. In those limited circumstances, trial counsel has a constitutional duty to inform a client who has pleaded guilty about a direct appeal and consult with the client about the procedures for and advantages and disadvantages of an appeal, and counsel's failure to do so is deficient performance for purposes of proving an ineffective assistance of counsel claim. *Flores-Ortega*, 528 U.S. at 477-81; *Thomas*, 115 Nev. at 150, 979 P.2d at 223; *Davis v. State*, 115 Nev. 17, 20, 974 P.2d 658, 659-60 (1999).

In this case, Toston did not claim that counsel had a duty to inform him of his right to appeal and failed to do so; instead, he indicated that counsel misinformed him about his appeal rights. Specifically, Toston claimed that trial counsel informed him that he was not permitted to file a direct appeal because his conviction stemmed from a guilty plea. That information is not correct: a defendant who has pleaded guilty has a right to appeal from the judgment of conviction, NRS 177.015(4); *see also Franklin v. State*, 110 Nev. 750, 751-52, 877 P.2d 1058, 1059 (1994), *overruled on other grounds by Thomas*, 115 Nev. at 150, 979 P.2d at 223-24, unless he knowingly and voluntarily waives that right, *Cruzado v. State*, 110 Nev. 745, 879 P.2d 1195 (1994), *overruled on other grounds by Lee v. State*, 115 Nev. 207, 985 P.2d 164 (1999). Although the appeal is limited in scope to ''reasonable constitu-

---

[2]In contrast, when a defendant has been convicted pursuant to a jury verdict, trial counsel has a constitutional duty to inform his client of the right to appeal; that duty includes ''informing the client of the procedures for filing an appeal as well as the advantages and disadvantages of filing an appeal.'' *Lozada*, 110 Nev. at 356, 871 P.2d at 948.

tional, jurisdictional or other grounds that challenge the legality of the proceedings,'' see NRS 177.015(4), and those grounds reserved in writing pursuant to NRS 174.035(3), it is still available despite the guilty plea. Thus, if counsel informed Toston that he had no appeal rights as alleged in the petition, he affirmatively misinformed Toston regarding those rights. The question then is whether the alleged affirmative misinformation falls below an objective standard of reasonableness such that counsel's performance was deficient. We conclude that it does.

We explained in *Lozada v. State* the impact that the failure to inform a client of the client's appeal rights has on the exercise of the right to appeal and the right to effective counsel on appeal. 110 Nev. at 355-56, 871 P.2d at 947-48. Similarly, misinformation about the client's appeal rights may render the right to appeal and to counsel on appeal meaningless by deterring a client from requesting a direct appeal, inquiring into the procedures for a direct appeal, or filing an appeal. Here, Toston alleges that trial counsel told him that he had no right to appeal because he had pleaded guilty. Although Toston was correctly informed of his limited right to a direct appeal in the written guilty plea agreement, see *Davis*, 115 Nev. at 19, 974 P.2d at 659, the record is not sufficient to belie his allegation that he did not pursue an appeal due to the alleged misinformation from counsel. Because Toston's allegations are not belied by the record on appeal and, if true, it would entitle him to relief because prejudice would be presumed under *Lozada*, we cannot affirm the decision of the district court denying Toston's claim in the absence of an evidentiary hearing.

*Duty to file an appeal*

Related to the duty to inform or consult about an appeal is trial counsel's duty to file an appeal on behalf of his client. We have stated that trial counsel has a constitutional duty to file a direct appeal in two circumstances: when requested to do so and when the defendant expresses dissatisfaction with his conviction, and that the failure to do so in those circumstances is deficient for purposes of proving ineffective assistance of counsel. *Lozada*, 110 Nev. at 354-57, 871 P.2d at 947-49; *Davis*, 115 Nev. at 20, 974 P.2d at 660. The second circumstance triggering the duty to file a direct appeal—when the client expresses dissatisfaction with a conviction—has the potential for mischief, as it is by no means unusual for a criminal defendant to express dissatisfaction after having been convicted and facing a prison term or a period of supervised release.

Our caselaw fails to provide meaningful guidance to practioners in fulfilling their duty to file an appeal and to the courts in evalu-

ating appeal-deprivation claims that are based on counsel's failure to file an appeal where the client claims to have expressed dissatisfaction with the conviction. Considering that dissatisfaction with a criminal conviction or sentence is not uncommon, the goal is to discern those clients who truly desire to appeal their conviction from those defendants who are disappointed with their lot. This is particularly important given that "[t]he burden is on the client to indicate to his attorney that he wishes to pursue an appeal." *Davis*, 115 Nev. at 20, 974 P.2d at 660; *see also Downs v. Warden*, 93 Nev. 475, 478, 568 P.2d 575, 576-77 (1977) (determining that counsel was not ineffective for failing to file a notice of appeal where the client never expressed a desire to appeal and seemed satisfied with the outcome of his case). Recognizing the need for more guidance, we hold that trial counsel has a duty to file a direct appeal when the client's desire to challenge the conviction or sentence can be reasonably inferred from the totality of the circumstances, focusing on the information that counsel knew or should have known at the time.[3] *Cf. Flores-Ortega*, 528 U.S. at 480 (discussing circumstances in which counsel must consult with a client regarding an appeal). In determining whether counsel knew or should have known that his client wanted to appeal the conviction, the courts may consider whether the conviction arose from a jury trial or a guilty plea, "both because a guilty plea reduces the scope of potentially appealable issues[4] and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.* When the defendant has pleaded guilty, relevant circumstances may include whether the defendant received the sentence he bargained for as part of the plea (it would be reasonable to conclude that a defendant who received the bargained-for sentence would be satisfied with that sentence), whether the defendant reserved certain issues for appeal (the reservation of an issue for appeal reasonably indicates the defendant's desire to ap-

---

[3]Of course, counsel is no longer obligated to file the appeal if the client consents not to file the appeal after consultation with counsel.

[4]In *Franklin v. State*, 110 Nev. at 752, 877 P.2d at 1059, this court recognized that available direct appeal claims when the conviction stems from a guilty plea could include:

> a challenge to the constitutional validity of the statute on which the conviction was based; a challenge to the sentence imposed on constitutional or other grounds; a claim that the state breached the plea agreement at sentencing; a challenge to the procedures employed that led to the entry of the plea, if that challenge does not address the voluntariness of the plea; and a claim that the district court entertained an actual bias or that there were other conditions that rendered the proceedings unfair.

Additional claims that could be raised on direct appeal include a claim for additional presentence credits, *Johnson v. State*, 120 Nev. 296, 298, 89 P.3d 669, 670 (2004), and challenges to errors in the presentence investigation report. *Stockmeier v. State, Bd. of Parole Comm'rs*, 127 Nev. 243, 250, 255 P.3d 209, 214 (2011).

peal), whether the defendant indicated a desire to challenge his sentence within the period for filing an appeal, and whether the defendant sought relief from the plea before sentencing (the filing of a presentence motion to withdraw a plea reasonably indicates dissatisfaction with the conviction).[5]

In the instant case, the totality of the circumstances demonstrates Toston's desire to challenge his conviction and sentence. Toston's outbursts at sentencing indicate he was dissatisfied with the proceedings in general and his sentence in particular as it was not the sentence that he bargained for. In fact, the sentencing judge observed how upset Toston was and instructed trial counsel to make an appropriate decision about what to do next, which could include filing a motion to withdraw the plea, filing a motion to correct the sentence, or filing an appeal. As none of these actions were taken in this case, it is not clear if trial counsel followed up with Toston as contemplated by the judge. Because it is not clear what amount of communication trial counsel had with his client after sentencing and because Toston's dissatisfaction and desire to challenge the conviction and sentence was evident from the record, we cannot affirm the decision of the district court to deny this claim without an evidentiary hearing.

## CONCLUSION

We reverse the district court order to the extent that it denies Toston's appeal-deprivation claim and remand this case for the district court to conduct an evidentiary hearing on that claim consistent with this opinion. Upon remand, the district court may consider whether to appoint counsel to represent Toston. NRS 34.750(1). If the district court determines that Toston was deprived of a direct appeal due to ineffective assistance of counsel, the district court shall provide Toston with the remedy set forth in NRAP 4(c). We affirm the district court's order to the extent it denies the remainder of Toston's claims.[6]

---

[5]This list is meant to be illustrative, rather than exhaustive.

[6]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975). This opinion constitutes our final disposition of this appeal. Any subsequent appeal shall be docketed as a new matter.