An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN W. KELLER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61227



FILED

APR 1 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant, John W. Keller's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Keller first contends that the district court erred by denying, without an evidentiary hearing, his claim that his adjudication as a habitual criminal was unconstitutional. This contention lacks merit because the district court correctly determined that this claim was not cognizable in a post-conviction habeas petition challenging a judgment of conviction based upon a guilty plea. See NRS 34.810(1)(a); see also Evans v. State, 117 Nev. 609, 647, 28 P.3d 498, 523 (2001) ("If first-time applicants for post-conviction habeas relief fail to argue specifically that their trial or appellate counsel were ineffective in regard to an issue or to show good cause for failing to raise the issue before, that issue will not be considered, pursuant to NRS 34.810.").

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10603

Second, Keller claims that the district court erred by denying his claims that (1) the district court denied him his rights to equal protection and due process by accepting his guilty plea without advising him of his right to an appeal and (2) he was unable to present additional claims because he did not have the entire file. Keller does not support these claims with any cogent argument or citation to authority and we decline to address them. See Maresca v. State, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Third, Keller argues that the district court erred by declining to appoint counsel to assist with all of his claims. We conclude Keller fails to demonstrate that the district court abused its discretion by appointing counsel to assist him with only his appeal deprivation claim. See NRS 34.750(1).

Fourth, Keller contends that the district court erred by denying his claim that he was denied his right to a direct appeal due to ineffective assistance of counsel. When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly erroneous, but review the court's application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). The district court found that Keller failed to demonstrate that counsel was deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (establishing two-part test for ineffective assistance of counsel);

<u>Kirksey v. State</u>, 112 Nev. 980, 987-88, 923 P.2d 1102, 1107 (1996) (adopting the <u>Strickland</u> test). The district court's findings are supported by substantial evidence and are not clearly wrong, and Keller has failed to demonstrate that the district court erred as a matter of law. <u>See</u> <u>Toston v. State</u>, 127 Nev. ___, ___, 267 P.3d 795, 801 (2011) (discussing circumstances under which counsel has a duty to file a direct appeal). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Linda Marie Bell, District Judge
       Matthew D. Carling
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk