An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOEL ELIAZAR ORTEGA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61156

**FILED**

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Brent T. Adams.

Appellant argues that the district court erred in denying his claims of ineffective assistance of counsel raised in his May 17, 2011, petition and supplemental petition without conducting an evidentiary hearing. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). To warrant an evidentiary hearing, a petitioner must raise claims that are supported by specific factual allegations that are not belied by the record

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21586

and, if true, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

First, appellant argues that his counsel was ineffective for failing to investigate his competency. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant was evaluated prior to entry of his plea and determined to be competent. Counsel also requested that the district court consider additional evidence regarding appellant's competency at the sentencing hearing, but the district court denied that request. Appellant fails to demonstrate a reasonable probability of a different outcome had counsel performed further investigation related to his competency because appellant failed to show that he did not have the ability to consult with his attorney with a reasonable degree of rational understanding and that he did not have a factual understanding of the proceedings against him. *See Melchor-Gloria v. State*, 99 Nev. 174, 179-80, 660 P.2d 109, 113 (1983) (citing *Dusky v. United States*, 362 U.S. 402, 402 (1960)). Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Second, appellant argues that his counsel was ineffective for failing to hire an expert to evaluate his mental health during the crime to show that appellant had a reasonable belief that the victim had consented to the sexual activity. Appellant fails to demonstrate either deficiency or prejudice as he does not provide any information as to what a mental health evaluation regarding appellant's mental state at the time of the crime would have revealed, and bare claims are insufficient to demonstrate a petitioner is entitled to relief. *See Hargrove*, 100 Nev. at 502, 686 P.2d at 225. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Third, appellant argues that his counsel failed to file a direct appeal despite appellant's expression of dissatisfaction with his conviction. We conclude that the district court erred in denying this claim without conducting an evidentiary hearing. There were sufficient allegations in appellant's petition and in the record to show that appellant had expressed dissatisfaction with his conviction during the sentencing hearing. Expression of dissatisfaction with the conviction may require counsel to file a direct appeal. *See Toston v. State*, 127 Nev. ___, ___, 267 P.3d 795, 800-01 (2011). Therefore, an evidentiary hearing is necessary to ascertain whether counsel and appellant discussed proceeding to a direct appeal and whether appellant declined to proceed after such discussion. Accordingly, we reverse the district court's denial of this claim and remand for an evidentiary hearing on this claim.[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

---

[1] If the district court determines that appellant was deprived of a direct appeal, the district court should provide the remedy set forth in NRAP 4(c).

cc:     Hon. Brent T. Adams, District Judge
        Story Law Group
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk