An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY BAILEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64196

**FILED**

MAY 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Appellant Anthony Bailey argues that the district court erred by denying his petition, in which he alleged that counsel was ineffective. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both deficiency and prejudice must be demonstrated, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings regarding ineffective assistance of counsel if they are supported by substantial

evidence and are not clearly wrong but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Bailey claims that trial counsel was ineffective for failing to communicate with Bailey and for failing to investigate the charges. At the evidentiary hearing, Bailey testified that he had concerns regarding the plea agreement that he wanted to discuss with counsel but that he was unable to communicate with counsel until after he entered his plea, as counsel's associate appeared with Bailey for the plea. Bailey further testified that counsel failed to investigate prior incidents of false reporting by the victim and investigate a possible alibi.[1] The district court concluded that counsel's actions fell below an objective standard of reasonableness but that Bailey failed to demonstrate prejudice. The district court's factual findings are supported by the record and are not clearly wrong. We conclude that the district court did not err by denying this claim.

Second, Bailey claims that trial counsel was ineffective for failing to file an appeal from his judgment of conviction. At the evidentiary hearing, Bailey testified that he attempted to contact counsel shortly after sentencing to discuss a motion to withdraw the plea. Bailey then attempted to file his own motion to withdraw the plea and later a

---

[1]Bailey's counsel did not testify at the evidentiary hearing.

motion to dismiss counsel, in which Bailey asserted that he asked counsel several times to take action to enforce the plea agreement or to pursue another remedy. The district court concluded that counsel's actions fell below an objective standard of reasonableness but that Bailey failed to demonstrate prejudice.

Based upon our review of the record on appeal, we conclude that the district court erred in denying this claim. Trial counsel has a duty to file a direct appeal when a client requests one or when the client expresses dissatisfaction with his conviction and sentence. *See Toston v. State*, 127 Nev. ___, ___, 267 P.3d 795, 800 (2011). The district court concluded that counsel's performance was deficient, given Bailey's expressed dissatisfaction with his conviction and sentence. We agree, and because prejudice is presumed, *see id.* at ___, 267 P.3d at 799, Bailey demonstrated that he received ineffective assistance of counsel. Thus we reverse the district court's denial of this claim and remand this matter to the district court to provide Bailey with the remedy set forth in NRAP 4(c)(1)(B).[2] Accordingly, we

---

[2]The district court shall enter specific findings of fact and conclusions of law that Bailey was deprived of a direct appeal and is entitled to a direct appeal with the assistance of counsel. *See* NRAP 4(c)(1)(B)(i). If Bailey is indigent, the district court shall appoint appellate counsel. *See* NRAP 4(c)(1)(B)(ii). The district court shall also direct the clerk of the district court to prepare and file within 5 days of entry of the district court's order a notice of appeal from the judgment of conviction and sentence. *See* NRAP 4(c)(1)(B)(iii).

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Jessie Elizabeth Walsh, District Judge
Law Offices of Martin Hart, LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A