An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JUAN CARLOS HERNANDEZ,
Appellant,
vs.
RENE BAKER, WARDEN, ELY STATE
PRISON,
Respondent.

No. 64284

**FILED**

JUN 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Juan Carlos Hernandez's post-conviction petition for a writ of habeas corpus. Tenth Judicial District Court, Churchill County; Robert E. Estes, Senior Judge.

Hernandez claims that the district court abused its discretion by denying his petition without conducting an evidentiary hearing. We disagree.

To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To demonstrate prejudice sufficient to invalidate the decision to enter a guilty plea, a petitioner must demonstrate a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19132

insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). When a post-conviction petition raises claims supported by specific factual allegations which, if true, would entitle the petitioner to relief, the petitioner is entitled to an evidentiary hearing unless those claims are repelled by the record. *Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984).

In his petition and supplemental petition for a writ of habeas corpus, Hernandez claimed that his counsel was ineffective for failing to: (1) consult with him regarding an appeal, inform him of the right to an appeal, and file a notice of appeal; (2) investigate and call key witnesses; (3) investigate his life history, the challenges he faced, and the violence he faced as a child and obtain an expert evaluation showing he was a low risk to reoffend and present this information as mitigating evidence at sentencing; and (4) "object to sentencing structure and other objections." Hernandez did not allege that he expressed dissatisfaction with his sentence to his counsel or inquired about an appeal within the relevant appeal period. *See Toston v. State*, 127 Nev. ___, ___, 267 P.3d 795, 801 (2011). He also did not allege any specific factual allegations in support of claims 2 and 4. Further, he did not demonstrate that he would be able to obtain an evaluation stating that he is a low risk to reoffend and he did not specify what testimony the identified individuals would have presented that would have differed from the arguments counsel made in

mitigation at sentencing, nor did he demonstrate that further investigation or the testimony of these individuals would have resulted in a different sentence.[1] Therefore, we conclude that the district court did not err by concluding that Hernandez failed to support his claims with specific factual allegations that, if true, would entitle him to relief and denying the petition without conducting an evidentiary hearing. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Saitta_____, J.
Saitta

cc:    Chief Judge, The Tenth Judicial District
       Hon. Robert E. Estes, Senior Judge
       The Law Office of Jacob N. Sommer
       Churchill County District Attorney/Fallon
       Churchill County Clerk

---

[1] Hernandez entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to attempted murder and was sentenced to a term of 5 to 20 years.