An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

OLEE OMAR STEWART, III,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63851

**FILED**

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge.

On appeal from the denial of his December 1, 2009, petition and supplemental petitions, appellant claims that the district court erred in denying two of his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30873

the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claims that trial counsel was ineffective for telling him that he could receive credits towards his ten to life sentence that would take time off of the minimum sentence. Appellant fails to demonstrate that he was prejudiced because he fails to demonstrate that had counsel correctly informed him of how his sentence would be calculated in prison, he would not have pleaded guilty and would have insisted on going to trial. Appellant was originally charged with five counts of sexual assault all carrying a sentence of ten to life. By pleading guilty, appellant agreed to a sentence of ten to life plus a consecutive sentence of four years to ten years. This was a significant reduction in his possible sentence. Further, appellant testified at the evidentiary hearing that "if I didn't plead guilty, I was going to do five life sentences. So it was either that or plea bargain. And I pled." This statement demonstrates that appellant pleaded guilty to avoid the possibility of consecutive life sentences rather than pleading guilty based on trial counsel's advice regarding the calculation of his sentence. Therefore, the district court did not err in denying this claim.

Second, appellant claims that trial counsel was ineffective for failing to discuss or file an appeal. Appellant fails to demonstrate that trial counsel was deficient. The duty to inform or consult with a client with respect to appealing a judgment of conviction based on a guilty plea only arises "when the defendant inquires about the right to appeal or in circumstances where the defendant may benefit from receiving advice about the right to a direct appeal." *Toston v. State*, 127 Nev. ___, ___, 267 P.3d 795, 799 (2011). Despite his claim to the contrary in his petition,

appellant testified at the evidentiary hearing that he never asked counsel to file an appeal on his behalf. Rather, he "thought" about asking. Further, appellant fails to demonstrate that there were any circumstances where he would have benefitted from receiving advice regarding an appeal. Therefore, the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Hardesty

_____ , J.
Douglas

_____ , J.
Cherry

cc:     Hon. Lidia Stiglich, District Judge
        Story Law Group
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk