# IN THE SUPREME COURT OF THE STATE OF NEVADA

DASHOD E. REED,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70288

FILED

FEB 16 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Richard Scotti, Judge. Appellant Dashod E. Reed argues that the district court erred in denying his claim that counsel was ineffective for not filing an appeal on his behalf. We disagree and affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). "Generally, both components of the inquiry must be shown, but in some instances, such as when the petitioner has been deprived of the right to appeal due to counsel's deficient performance, the second component (prejudice) may be presumed." *Toston v. State*, 127 Nev. 971,

17-05659

976, 267 P.3d 795, 799 (2011) (internal citations omitted). We give deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). The petitioner must demonstrate the underlying facts by a preponderance of the evidence. *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

Reed did not file a direct appeal from his judgment of conviction but timely filed a pro se postconviction petition for a writ of habeas corpus in which he asserted that he asked trial counsel to file a notice of appeal and counsel failed to do so. Counsel has a constitutional duty to file a notice of appeal when asked or when the defendant expresses dissatisfaction with the conviction, *Toston*, 127 Nev. at 978, 267 P.3d at 800. The district court found that trial counsel credibly testified that Reed never requested an appeal, that she informed Reed that his guilty plea agreement waived his right to a direct appeal, and that she determined that the case had no appealable issues. The district court found that Reed did not demand an appeal or convey to counsel his dissatisfaction with his conviction so as to trigger counsel's obligation to pursue an appeal. Reed has failed to show that these findings are not entitled to deference. We therefore conclude that counsel was not deficient. As counsel was not ineffective, the district court did not err in denying this claim.[1]

---

[1]To the extent that Reed claims that counsel should have appealed based on an ineffective-assistance-of-counsel claim, that claim could not have been raised on direct appeal and thus provided no basis for filing a direct appeal. *See Pellegrini v. State*, 117 Nev. 860, 883, 34 P.3d 519, 534-

*continued on next page . . .*

Having considered Reed's contention and concluded that it does not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Richard Scotti, District Judge
     Christopher R. Oram
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

_____

... *continued*

35 (2001). We note that Reed did not raise this claim in his petition or supplement.