IN THE SUPREME COURT OF THE STATE OF NEVADA

SLATER LANCE YOHEY,
Appellant,
vs.
HAROLD WICKHAM, WARDEN,
WARM SPRINGS CORRECTION
CENTER; ADAM PAUL LAXALT,
ATTORNEY GENERAL; AND THE
STATE OF NEVADA,
Respondents.

No. 78488

**FILED**

APR 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

Appellant argues the district court erred in denying his claim that counsel were ineffective for failing to file a direct appeal on his behalf. Trial counsel has a duty to file a notice of appeal in two instances: when asked to do so or when the client expresses a desire to challenge the conviction or sentence. *Toston v. State,*127 Nev. 971, 978-80, 276 P.3d 795, 800-01 (2011). The latter may be "reasonably inferred from the totality of the circumstances, focusing on the information that counsel knew or should have known at the time." *Id.* at 979, 276 P.3d at 801. It is a defendant's burden to inform counsel that he wants to appeal. *Id.* If trial counsel had a duty to file an appeal but failed to do so, prejudice is presumed. *Id.* at 976, 276 P.3d at 799.

At the evidentiary hearing, appellant testified that he asked trial counsel, Mr. Christopher Fortier, to file an appeal immediately after

20-14471

sentencing but was told that he could not appeal because he had entered a guilty plea. Mr. Fortier testified that he was not asked to file an appeal, he never told appellant that he could not appeal, and that if he had been asked to file an appeal he would have done so. Appellant further testified that he sent a follow-up letter to the appellate deputy of the Washoe County Public Defender's Office, Mr. John Petty. An illegible copy of the letter was presented in evidence, and appellant did not testify about the letter's content. Mr. Petty testified that he understood the letter as inquiring about the possibility of an appeal but not asking for an appeal. Consequently, he wrote a responsive letter explaining the lack of meritorious issues for an appeal. Mr. Petty testified about his usual practice and testified that he would have filed an appeal if he believed appellant had asked for one in the letter.

The district court denied the claim, finding that appellant had not unequivocally asked either attorney to file an appeal. The district court further found Mr. Fortier's and Mr. Petty's testimony "wholly credible and supported by the evidence." Substantial evidence in the record supports those findings. At the most, the evidence indicates that appellant inquired about the possibility of an appeal, but his inquiry fell short of a request or an unequivocal desire for counsel to file an appeal. Thus, counsel were not deficient in failing to file an appeal on his behalf. The district court therefore did not err in denying this claim.

Next, appellant argues that the sentencing court's omission of specific findings regarding imposition of the deadly weapon enhancement violated his due process rights. This claim fell outside the scope of claims permissible in a postconviction petition for a writ of habeas corpus

challenging a judgment of conviction based upon a guilty plea. NRS 34.810(1)(a). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish


cc:    Hon. Elliott A. Sattler, District Judge
        Law Offices of Lyn E. Beggs, PLLC
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk