IN THE SUPREME COURT OF THE STATE OF NEVADA

RAMON AGUSTIN MORGA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79693

FILED

JUL 16 2020



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge. Appellant Ramon Agustin Morga argues that he received ineffective assistance of counsel. The district court denied his petition after holding an evidentiary hearing. We affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. For purposes of the prejudice prong when an ineffective-assistance claim relates to the decision to enter a guilty plea, a petitioner must demonstrate

20-26202

that he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Morga first argues that counsel should have investigated his case more thoroughly before he pleaded guilty. Morga, however, has not identified what further investigation would have uncovered or explained how further investigation would have led him to insist on proceeding to trial, rather than pleading guilty. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). The district court therefore did not err in denying this claim.

Morga next argues that counsel should have informed him about his appellate rights and obtained his consent to not appeal the judgment of conviction. Counsel has a duty to discuss appellate rights with a defendant who has pleaded guilty when the defendant inquires about an appeal or would benefit from advice on the matter. *Toston v. State*, 127 Nev. 971, 977, 267 P.3d 795, 799-800 (2011). Morga has not shown that either circumstance was present. And counsel need not acquire a defendant's consent to not file an appeal. *Davis v. State*, 115 Nev. 17, 20, 974 P.2d 658, 660 (1999). Morga has not shown deficient performance. The district court therefore did not err in denying this claim.

Morga next argues that he did not knowingly and voluntarily waive his appellate rights when he pleaded guilty. Specifically, he argues this court should decline to recognize his waiver of appellate rights because such a waiver, as a general matter, "is not fully understood by a defendant

and is highly coercive." We decline Morga's invitation to invalidate appeal waivers generally. *Cf. Toston*, 127 Nev. at 977-78, 267 P.3d at 800 (discussing the scope of appellate rights available after a guilty plea). Moreover, Morga has not proffered more than a bare contention that the district court erred in finding his waiver to be knowing, voluntary, and intelligent. Substantial evidence supports the district court's finding. The district court therefore did not err in denying this claim.

Lastly, Morga argues cumulative error. Even assuming that multiple deficiencies in trial counsel's performance may be cumulated to demonstrate prejudice in a postconviction context, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Morga has not demonstrated any instances of deficient performance to cumulate.

Having considered Morga's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Michael Villani, District Judge
Terrence M. Jackson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk