# IN THE SUPREME COURT OF THE STATE OF NEVADA

TRINITY CHRISTINA WALLMAN,
Appellant,
vs.
DWIGHT NEVEN, WARDEN/NDOC,
Respondent.

No. 80434

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.[1]

In her September 27, 2019, petition, appellant claimed she received ineffective assistance of counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is not warranted, NRAP 34(f)(3). This appeal therefore has been decided based on the pro se brief and the record. *Id.*

 

20-34447

First, appellant claims that counsel did not send the case file to her. The district court found this claim was belied by the record and that finding is supported by the record. Therefore, the district court did not err by rejecting this claim. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984) (holding that a petitioner is not entitled to postconviction relief if the claims are bare or belied by the record).

Second, appellant claims that counsel informed her the case would be dismissed and her plea deal would end if the witness did not appear for trial. She also asserts that counsel advised her to accept the plea deal before it was withdrawn and that she was tricked into accepting the plea deal. The district court found this claim was unsupported by the record given language in the plea agreement, was not cogently argued, and constituted a bare assertion. We agree. Therefore, the district court did not err by rejecting this claim.

Third, appellant claims that counsel advised her to waive the preliminary hearing. However, the State proceeded against appellant on a grand jury indictment. Therefore, the district court did not err by rejecting this claim.

Fourth, appellant claims that counsel did not tell her she could appeal her conviction. Counsel does not always have a duty to advise a defendant about the right to a direct appeal when the defendant has pleaded guilty, *see Toston v. State*, 127 Nev. 971, 977, 267 P.3d 795, 799 (2011), and appellant has not shown that she "inquire[d] about the right to appeal" or that she would have "benefit[ted] from receiving advice about the right to a direct appeal," *id.* Thus, she has not shown that counsel's performance was deficient. Furthermore, the guilty plea agreement signed by appellant states that counsel explained to her the waiver of the right to appeal and the right to challenge her conviction through other

postconviction remedies. Therefore, the district court did not err by rejecting this claim.

Fifth, appellant claims that counsel did not properly communicate with her. She asserts she was never made aware of anything happening in the case because counsel did not respond to her letters or talk with her before court. Based on appellant's representations in the guilty plea agreement, the district court found this claim was belied by the record. Additionally, appellant does not explain how further communication with her counsel would have changed her decision to plead guilty. Therefore, the district court did not err by rejecting this claim.

Sixth, appellant claims that counsel did not investigate witnesses, her version of events, her mental health history, the State's case, or the lack of evidence against her. She contends that counsel did not obtain an investigator or establish a theory of defense. Appellant does not allege or identify information counsel could have discovered with a more thorough investigation; she also does not demonstrate a reasonable probability that she would have gone to trial but for counsel's performance. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Therefore, the district court did not err by rejecting this claim.

Seventh, appellant claims that counsel should have filed a motion to suppress her police interrogation when she asserts she was under the influence of drugs and alcohol and not read her *Miranda*[2] rights before questioning. She also argues that counsel did not allow her to listen to the recorded interrogation. Appellant does not demonstrate a reasonable probability that she would have insisted on going to trial but for counsel's

---

[2]*Miranda v. Arizona*, 384 U.S. 436 (1966).

SUPREME COURT
OF
NEVADA

failure to file the motion to suppress. Therefore, the district court did not err by rejecting this claim.

Eighth, appellant claims that counsel did not file a motion to sever. Appellant did not allege grounds for such a motion or how it would have changed her decision to plead guilty. Therefore, the district court did not err by rejecting this claim.

Ninth, appellant claims that counsel did not object at sentencing to the State's argument about unrelated discovery from another case. She also asserts that counsel was ineffective at sentencing by generally failing to object or argue. The district court found that this claim was bare and that appellant failed to specifically identify the discovery or why it was improper. We agree. Furthermore, "[f]ew limitations are imposed on a judge's right to consider evidence in imposing a sentence, and courts are generally free to consider information extraneous to the presentencing report." *Denson v. State*, 112 Nev. 489, 492, 915 P.2d 284, 286 (1996). Appellant has not shown that the district court was presented with impalpable or highly suspect evidence. *See Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). And contrary to appellant's assertions, her sentences were within the range set forth by the relevant sentencing statutes, and lifetime supervision as well as sex offender registration were statutorily required. *See* NRS 193.330(1)(a)(1) (range of punishment for the crime of attempt); NRS 200.320(2) (first-degree kidnapping); NRS 200.366 (sexual assault); NRS 200.481(2)(e)(2) (battery with the use of a deadly weapon resulting in substantial bodily harm); *see also* NRS 176.0931(1), (5)(c)(1), (5)(c)(2) (requiring lifetime supervision for persons convicted of attempted sexual assault); NRS 179D.097(1)(b), (1)(s) (recognizing attempted sexual assault as a sexual offense); NRS 179D.441 (requiring

registration by persons convicted of a sexual offense). Therefore, the district court did not err by rejecting this claim.

Lastly, appellant requested the appointment of postconviction counsel, but the district court denied that request. The appointment of counsel is discretionary, and the district court found that the issues in this matter were not difficult, appellant was able to comprehend the proceedings, and discovery with the help of counsel was unnecessary. *See* NRS 34.750(1). The record supports the district court's findings, and appellant has not shown that the district court abused its discretion by denying the petition without appointing postconviction counsel. *See Renteria-Novoa v. State*, 133 Nev. 75, 76, 391 P.3d 760, 760-61 (2017).

Having considered appellant's contentions[3] and concluded no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.          _____, J.
Hardesty                                Cadish

cc:    Hon. Valerie Adair, District Judge
       Trinity Christina Wallman
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[3]Appellant makes a separate claim that her Fifth Amendment right to Due Process was violated, but this claim was outside the scope of claims permissible in a postconviction petition for a writ of habeas corpus challenging a judgment of conviction based on a guilty plea. *See* NRS 34.810(1)(a). Therefore, the district court did not err by denying this claim.