# IN THE SUPREME COURT OF THE STATE OF NEVADA

SHILOH HUNTER BLUE WEAVER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80306

FILED

OCT 1 5 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Third Judicial District Court, Lyon County; John Schlegelmilch, Judge. Appellant Shiloh Hunter Blue Weaver argues that he received ineffective assistance of counsel. The district court denied the petition after an evidentiary hearing. We affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the

20-37946

law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Weaver first argues that counsel should have obtained and presented a psychological risk assessment at the sentencing hearing. He argues that such a report would have militated in favor of a term of years, rather than a life sentence. Substantial evidence supports the district court's finding that counsel made a strategic decision to argue for a less severe sentence by presenting numerous character witnesses to attest both to Weaver's good character and that the crime he pleaded guilty to was not characteristic of his personality. "[C]ounsel's strategic or tactical decisions [are] virtually unchallengeable absent extraordinary circumstances," *Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) (internal quotation marks omitted), which Weaver has not shown. Further, the record shows that the sentencing court reviewed the presentence investigation report's risk assessment that Weaver was a low to moderate risk to reoffend. The psychological risk assessment Weaver argues should have been presented reached a similar conclusion—albeit with greater nuance. The possibility of this additional nuance changing the sentencing outcome is unlikely and insufficient to undermine our confidence in the trial court's sentence. *See Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."). The district court therefore did not err in denying this claim.

Weaver next argues that counsel should have required M. Navalta to attend the sentencing hearing so counsel could cross-examine her on the allegations contained in her written victim-impact statement. Relying on *Buschauer v. State*, 106 Nev. 890, 804 P.2d 1046 (1990), he argues that her letter alleged prior bad acts, the presentation of which

violated his rights to due process and confrontation. The letter discussed Weaver's character; the crime, including its reporting to police and generally abusive context; and the crime's effects on Navalta. The letter, however, did not refer to *specific* prior acts beyond the scope of NRS 176.015(3)(b) and thus falls beyond the circumstance where *Buschauer* held that due process requires additional protections. 106 Nev. at 894, 804 P.2d at 1048. Further, Weaver had notice of and an opportunity to rebut allegations of abuse against him as the parties litigated the allegations—in greater specificity than set out in Navalta's letter—in connection with the State's pretrial motion to admit prior bad acts, such that *Buschauer*'s concerns were not implicated. *See id.* (providing that additional protections are warranted to give a defendant notice of allegations of prior bad acts and an opportunity to rebut them). As a challenge on this basis lacked merit, Weaver did not show deficient performance or prejudice. Insofar as Weaver argues that an appellate claim relying on *Buschauer* should have been raised, such a claim would have failed, and Weaver has not shown deficient performance or prejudice in such an appellate omission. The district court therefore did not err in denying this claim.

Weaver next argues that counsel should have advised him of his right to appeal and filed an appeal. He argues that counsel should have raised a *Buschauer* claim and argued that his sentence rested solely on impalpable evidence. The guilty plea agreement advised Weaver of the limited right to appeal. *See Davis v. State*, 115 Nev. 17, 19, 974 P.2d 658, 659 (1999). Counsel testified that he thoroughly explained the guilty plea agreement to Weaver, and Weaver testified that he never asked counsel about an appeal. Weaver's proposed appellate claims lacked merit, as the victim-impact statement did not violate *Buschauer* and there is no

SUPREME COURT
OF
NEVADA

(O) 1947A

indication the district court relied on any impalpable or highly suspect evidence in sentencing Weaver. *Cf. Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). The record further shows that Weaver received a sentence consistent with his plea agreement, did not reserve any specific issues for appeal, indicate a desire for an appeal within the filing period, or seek relief from the plea agreement before sentencing. *See Toston v. State*, 127 Nev. 971, 979-80, 267 P.3d 795, 801 (2011) (discussing circumstances where counsel knew or should have known a defendant wanted to appeal). Accordingly, counsel did not perform deficiently in not advising Weaver about his appellate rights or in not filing an appeal, *see id.* at 977, 979, 267 P.3d 795, 799, 801 (2011) (discussing counsel's duties to inform a defendant about the right to appeal and to file an appeal in a guilty plea context), and Weaver was not prejudiced by the omission of meritless claims. The district court therefore did not err in denying this claim.

Having considered Weaver's claims and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.          _____, J.
Stiglich                                            Silver

cc:    Hon. John Schlegelmilch, District Judge
       Karla K. Butko
       Attorney General/Carson City
       Lyon County District Attorney
       Third District Court Clerk