# IN THE SUPREME COURT OF THE STATE OF NEVADA

DIANA MICHELLE CORDON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81523

FILED

DEC 17 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant filed a timely petition on February 28, 2020. In her petition, appellant claimed, among other things, that her counsel did not file a direct appeal on her behalf despite being asked to do so, did not adequately inform her of the State's initial plea offer, gave her bad advice to reject the plea offer, and did not investigate or pursue lines of investigation suggested by her, including a jailhouse informant's recantation. The district court denied the petition without appointing counsel or conducting an evidentiary hearing. We conclude that the district court abused its discretion in this regard.

This court has held that an evidentiary hearing is required when the petitioner presents a claim supported by specific factual allegations that are not belied by the record and that if true would entitle her to relief. *See Berry v. State*, 131 Nev. 957, 967, 363 P.3d 1148, 1154 (2015). Here, appellant presented several claims requiring an evidentiary hearing to resolve, including her claim that she asked counsel to file a direct appeal but he refused to do so and her claim that trial counsel did not provide her details about the State's initial plea offer and provided bad

21-35989

advice to reject the plea offer. *See Garza v. Idaho*, 139 S. Ct. 738, 746-50 (2019) (recognizing counsel's duty to file a notice of appeal when requested to do so even when the guilty plea agreement included an appeal-waiver provision); *Lafler v. Cooper*, 566 U.S. 156, 168 (2012) ("If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it."); *Missouri v. Frye*, 566 U.S. 134, 145 (2012) (holding that trial counsel has a duty to communicate formal offers from the prosecution); *Toston v. State*, 127 Nev. 971, 978, 267 P.3d 795, 800 (2011) (recognizing that counsel has a duty to file a notice of appeal when requested to do so even when the conviction arises from a guilty plea). Appellant supported these claims with specific factual allegations, and the record on appeal does not contradict or prove these claims false. Without an evidentiary hearing, we cannot affirm the district court's decision.

The district court also denied appellant's motion for the appointment of postconviction counsel. NRS 34.750 provides for the discretionary appointment of postconviction counsel and sets forth the following factors which the court may consider in deciding whether to appoint counsel: the petitioner's indigency, the severity of the consequences to the petitioner, the difficulty of those issues presented, whether the petitioner is unable to comprehend the proceedings, and whether counsel is necessary to proceed with discovery. The decision is not necessarily dependent upon whether a petitioner raises issues that, if true, would entitle the petitioner to relief. *Renteria-Novoa v. State*, 133 Nev. 75, 77, 391 P.3d 760, 762 (2017).

The factors in NRS 34.750 favored granting the motion to appoint counsel in this case. Appellant requested the assistance of postconviction counsel at the same time she filed her pro se petition, stating

that she did not know what she was doing and needed help. Appellant's motion was accompanied by a request to proceed in forma pauperis and documents alleging she was indigent. Appellant is serving a significant sentence of 16 to 40 years. The assistance of postconviction counsel is crucial in conducting a constructive evidentiary hearing on the claims identified above. And some of appellant's claims require development of facts outside the record, including whether trial counsel was ineffective for not investigating a witness who allegedly recanted her statements to the police and not hiring an investigator or experts to review the crime scene evidence. The failure to appoint postconviction counsel prevented a meaningful litigation of the petition under these facts.

For the reasons set forth above, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, C.J.
Hardesty

_____, J.
Herndon

_____, Sr.J.
Gibbons

cc: Hon. Michelle Leavitt, District Judge
Diana Michelle Cordon
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.